IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| RAYMOND QUINTANA,                    )<br>                                                             )<br>            Plaintiff,                         )<br>                                                             )      1:20-cv-03673<br>            v.                                   )<br>                                                             )<br>ALDOUS & ASSOCIATES, PLLC,  )<br>                                                             )<br>            Defendant.                    ) | |

## COMPLAINT

NOW COMES the plaintiff, RAYMOND QUINTANA, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, ALDOUS & ASSOCIATES, PLLC, the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. RAYMOND QUINTANA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Denver. State of Colorado

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to VASA Fitness (hereinafter, "the Debt").

6.	The Debt was for allegedly owed membership dues to a health club which was for the personal use of Plaintiff and/or used for household expenditure.

7.	At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.	ALDOUS & ASSOCIATES, PLLC (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Colorado. Defendant's principal place of business is located in the State of Utah. Defendant acts as a debt collector in the State of Colorado

9.	The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.	Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.	During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.	At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.	At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. Throughout 2020 Plaintiff maintained monthly memberships at VASA Fitness, a local health club for himself and his family members.

15. As a result of the COVID-19 pandemic, use of the facility was limited, and thus Plaintiff's ability to make any use of the club was largely diminished.

16. In September of 2020, Plaintiff discontinued his membership. In discontinuing his membership, Plaintiff was not in violation of any membership agreement or contract to join the VASA Fitness facility.

17. On or about November 2, 2020 Defendant sent correspondence to Plaintiff dated November 2, 2020.

18. In the aforesaid correspondence Defendant sent to Plaintiff, dated November 2, 2020, Defendant stated that the "delinquent balance" as well as the "total due today" was $126.85.

19. In the aforesaid correspondence Defendant sent to Plaintiff, dated November 2, 2020, Defendant stated, "[t]his law firm has been retained by VASA Fitness to collect the full accelerated balance as a result of your defaulted retail installment contract with the Company."

20. Defendant's representations, in its correspondence to Plaintiff dated November 2, 2020, as delineated above, were false, deceptive and misleading given that Plaintiff did not enter into any retail installment contract with VASA Fitness.

21. Defendant's representations, in its correspondence to Plaintiff dated November 2, 2020, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that Plaintiff was engaged in a simple monthly membership that did not include any acceleration clause and not a retail installment contract.

22. Defendant's letter misled Plaintiff to believe that he may have additional alleged liability toward VASA Fitness that he had not bargained for.  By stating that the "delinquent balance" and the "balance due today" is $126.85, and then referring to being retained to collect the "full accelerated balance" of a "defaulted retail installment contract" Plaintiff was led to believe that the alleged debt may continue to be collected beyond the $126.85 Plaintiff was alleged to have owed in the November 2, 2020 correspondence.

23. In its attempts to collect the debt allegedly owed by Plaintiff to VASA Fitness, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

25. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RAYMOND QUINTANA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

          Respectfully submitted,
          **RAYMOND QUINTANA**

        By: s/ David M. Marco
          Attorney for Plaintiff

Dated: December 15, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com